IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JUSTIN SHROPSHIRE,

    Plaintiff,

vs.

TOWING & AUTO REPAIR MANAGEMENT
CORP, d/b/a Victory Towing, a Florida
Corporation, JOSEPH D. SIMPSON, an individual,
and JESSICA K. SIMPSON, an individual,
jointly and severally,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JUSTIN SHROPSHIRE, sues Defendants, TOWING & AUTO REPAIR MANAGEMENT CORP, JOSEPH D. SIMPSON, and JESSICA K. SIMPSON, and shows:

### Introduction

1. This is an action by JUSTIN SHROPSHIRE against his former employers for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Middle District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, JUSTIN SHROPSHIRE, (hereinafter "SHROPSHIRE") a resident of Broward County, was at all times material, employed by TOWING & AUTO REPAIR MANAGEMENT CORP, as a tow truck driver, was an employee as defined by 29 U.S.C. § 203(e), and during his employment was engaged in commerce or in the production of goods for commerce.

5. Defendant, TOWING & AUTO REPAIR MANAGEMENT CORP. d/b/a Victory Towing (hereinafter "Victory Towing"), is a Florida Corporation with headquarters in Manatee County, Florida, doing business throughout the Central/West Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6. Defendant, JOSEPH D. SIMPSON, who resides in the Middle District of Florida, was, or now is, an owner and/or operator of Defendant Victory Towing.

7. Defendant, JESSICA K. SIMPSON, who resides in the Middle District of Florida, was, or now is, an owner and/or operator of Defendant Victory Towing.

7. Defendants JOSEPH D. SIMPSON and JESSICA K. SIMPSON acted and act directly in the interests of Defendant Victory Towing, in relation to its employees. JOSEPH D. SIMPSON and JESSICA K. SIMPSON both controlled the daily operations of Victory Towing, hired employees, fired employees, set rates of pay and determined

employees' work schedules, Thus JOSEPH D. SIMPSON, JESSICA K. SIMPSON and Victory Towing are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

### Count I – Violation of FLSA by all Defendants – Overtime

8. Plaintiff, JUSTIN SHROPSHIRE, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 7 above.

9. Since on or about August 22, 2019, up to and including September 5, 2019, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically SHROPSHIRE worked in excess of 40 hours a week for each week of his employment, but was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

10. The failure to pay overtime compensation to SHROPSHIRE is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

11. Defendants' actions were willful and purposeful as they were well aware of the Fair Labor Standards Act and SHROPSHIRE's status as non-exempt, but chose not to pay him in accordance with the Act.

12. SHROPSHIRE is entitled pursuant to 29 U.S.C. § 216(b), to recover from all Defendants:

    a. All unpaid overtime that is due;

  b. As liquidated damages, an amount equal to the unpaid overtime owed;

  c. The costs of this action, and;

  d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, JUSTIN SHROPSHIRE, prays that this court will grant judgment against all Defendants:

  a. awarding SHROPSHIRE payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

  b. awarding SHROPSHIRE an additional equal amount as liquidated damages;

  c. awarding SHROPSHIRE his costs, including a reasonable attorney's fee; and

  d. granting such other and further relief as is just.

### Count II – Violation of the FLSA by all Defendants – Minimum Wage

13. Plaintiff, SHROPSHIRE, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 7 above.

14. SHROPSHIRE worked for Defendants for several hours over approximately two weeks, but received no compensation whatsoever for the work performed.

15. SHROPSHIRE reported Defendants to the Department of Labor (DOL), Wage and Hour Division, in Tampa, Florida.

16. Although the DOL concluded that Defendants violated the minimum wage provision of the FLSA and requested payment on Plaintiff's behalf, Defendants refused to pay the wages.

17. Ultimately, the DOL declined to litigate this matter, thus forcing Plaintiff to find a private attorney to assist him in collecting his unpaid minimum wages.

18. Defendants' failure to pay SHROPSHIRE violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

19. SHROPSHIRE is entitled pursuant to the FLSA to recover from all Defendants:

    a. The applicable minimum wage in effect at the times he worked without receiving compensation;

    b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a. Enter judgment for SHROPSHIRE and against all Defendants on the basis of their willful violations of the FLSA;

    b. Award SHROPSHIRE actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

    c. Award SHROPSHIRE an equal amount in liquidated damages;

    d. Award SHROPSHIRE reasonable attorneys' fees and costs of suit; and

    e. Other such relief as this Court deems just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: August 19, 2020
Plantation, Florida

                                  Respectfully submitted,

                                  */s/Robert S. Norell*
                                  Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                  E-Mail: rob@floridawagelaw.com
                                  **ROBERT S. NORELL, P.A.**
                                  300 N.W. 70th Avenue
                                  Suite 305
                                  Plantation, Florida 33317
                                  Telephone: (954) 617-6017
                                  Facsimile: (954) 617-6018
                                  *Counsel for JUSTIN SHROPSHIRE*