UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN SHROPSHIRE,

    Plaintiff,

v.                                                  Case No. 8:20-cv-1931-TPB-CPT

TOWING & AUTO REPAIR
MANAGEMENT CORP, d/b/a
Victory Towing, JOSEPH D. SIMPSON,
and JESSICA K. SIMPSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Before me on referral is *Plaintiff[ Justin Shropshire's] Motion for Entitlement to Attorney's Fees and Costs*. (Doc. 24). For the reasons discussed below, I respectfully recommend that Shropshire's motion be granted.

I.

    The background of this case is familiar to the Court (Docs. 21, 22) and need only be summarized here. Shropshire initiated this action in August 2020 pursuant to the Fair Labor Standards Act (FLSA or the Act), alleging that his former employer, Defendant Towing & Auto Repair Management Corp, d/b/a Victory Towing (Victory), as well as Victory's owners/operators, Defendants Joseph and Jessica

Simpson, willfully violated the FLSA's overtime and minimum wage provisions during Shropshire's tenure at the company. (Doc. 1). In support of these allegations, Shropshire averred that he worked roughly fourteen hours-a-day for the Defendants as a tow-truck driver over a fifteen-day period in August 2019 but received no compensation for his labor. (Doc. 12 at 2–3). Based upon these averments, Shropshire sought $1,908 in unpaid overtime wages and $793.88 in unpaid minimum wages, plus equal amounts in liquidated damages, along with attorney's fees and costs. (Doc. 19-1 at 1–2).

After filing his complaint, Shropshire effectuated service of process on Victory through its registered agent (Docs. 3, 4) and on the Simpsons through Mr. Simpson, who accepted service on behalf of himself and his wife. (Docs. 13, 14). When the Defendants failed to answer or otherwise respond to Shropshire's complaint, Shropshire sought and obtained Clerk's defaults against all three of them. (Docs. 6, 17, 18). Shropshire then moved for a default judgment against the Defendants, arguing that such relief was warranted given, *inter alia*, the uncontested allegations in his complaint and a declaration attached to his motion that addressed the issue of damages. (Docs. 1, 19-1). Shropshire also specifically requested that the Court "reserve jurisdiction [over his action] to award reasonable attorney's fees and litigation expenses pursuant to 29 U.S.C. § 216 and Local Rule 4.18."[1]   (Doc. 19 at 6).

---

[1] Effective February 1, 2021, Local Rule 7.01 now creates a bifurcated process for a party seeking the Court's approval of a post-judgment award of attorney's fees and related non-taxable expenses. M.D. Fla. R. 7.01. Under this revised provision, a party must first timely move the Court for a

The undersigned agreed with Shropshire's position and issued a favorable Report and Recommendation, which the Court adopted in July 2021. (Docs. 21, 22). Shortly thereafter, the Clerk of Court entered a judgment in Shropshire's favor for the total sum of $5,403.75. (Doc. 23).

The instant motion, filed by Shropshire several weeks later, followed. By way of that motion, Shropshire asks that the Court enter an order pursuant to Local Rule 7.01, finding that his counsel, Robert S. Norell, is authorized to recover fees and costs incurred in prosecuting this action on Shropshire's behalf. (Doc. 24 at 3–4). The Defendants have not filed any objections to Shropshire's motion, and the time for doing so has expired. The matter is therefore ripe for the Court's consideration.

II.

The FLSA provides that a plaintiff may obtain an award of reasonable attorney's fees and costs if he prevails on his claim(s) under the Act. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) ("The FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs."). Here, as mentioned above, Shropshire obtained a default judgment against the Defendants on his wage-and-hour claims

---

determination of the party's entitlement to a fee award. M.D. Fla. R. 7.01(b). If the Court grants that motion, the fee applicant must—within forty-five days of the Court's order—submit a supplemental motion that satisfies certain enumerated requirements. *Id.*

3

under the FLSA. (Doc. 23). As a result, he is a prevailing party for purposes of the Act and is entitled to an award of reasonable attorney's fees and costs under section 216(b).[2]

### III.

For the reasons set forth above, I recommend:

1. The Court enter an Order granting *Plaintiff's Motion for Entitlement to Attorney's Fees and Costs* (Doc. 24).

2. The Court direct that the Plaintiff file within forty-five days of the date of the Court's Order a supplemental motion setting forth the amount of fees and costs he seeks to recover. *See* M.D. Fla. R. 7.01(b).

Respectfully submitted this 10th day of August 2021.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

---

[2] Shropshire may also seek to recover his costs under Federal Rule of Civil Procedure 54(d)(1). *Camacho v. Vertical Reality Inc.*, 210 F. App'x 985, 986 (11th Cir. 2006) (per curiam) ("[E]ven absent FLSA's express provision for costs, Rule 54(d)(1) . . . provides that 'costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.'") (quoting Fed. R. Civ. P. 54(d)(1)).

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Thomas P. Barber, United States District Judge
Counsel of record