UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN SHROPSHIRE,

    Plaintiff,

v.                                                       Case No. 8:20-cv-1931-TPB-CPT

TOWING & AUTO REPAIR
MANAGEMENT CORP, d/b/a
Victory Towing, JOSEPH D. SIMPSON,
and JESSICA K. SIMPSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before me on referral is Plaintiff Justin Shropshire's motion for attorney's fees and costs. (Doc. 28). For the reasons discussed below, I respectfully recommend that Shropshire's motion be granted.

I.

The background of this case is recounted in a number of the Court's prior decisions (Docs. 21, 22, 25, 26) and need only be summarized here. Shropshire initiated this action in August 2020 pursuant to the Fair Labor Standards Act (FLSA or the Act), claiming that his former employer, Defendant Towing & Auto Repair Management Corp, d/b/a Victory Towing (Victory), as well as Victory's

owners/operators, Defendants Joseph and Jessica Simpson, willfully violated the FLSA's overtime and minimum wage provisions during Shropshire's tenure at the company.  (Doc. 1).  In support of these claims, Shropshire alleged in his complaint that he worked roughly fourteen hours-a-day for the Defendants as a tow-truck driver over a fifteen-day period in August 2019 but received no compensation for his labor. (Doc. 12 at 2–3).  Based upon these averments, Shropshire sought $1,908 in unpaid overtime wages and $793.88 in unpaid minimum wages, plus equal amounts in liquidated damages, along with attorney's fees and costs.  (Doc. 19-1 at 1–2).

When the Defendants failed to answer or otherwise respond to Shropshire's complaint, he sought and obtained default judgments against them in July 2021. (Docs. 19, 22).[1]  The Clerk of Court entered Judgment in Shropshire's favor for the total sum of $5,403.75 shortly thereafter.  (Doc. 23).

Shropshire subsequently filed a motion pursuant to Local Rule 7.01,[2] requesting the Court render a determination that he was entitled to recover attorney's fees and costs under the FLSA as the prevailing party.  (Doc. 24).  The Court granted

---

[1] The Court denied without prejudice Shropshire's earlier motion for a default judgment motion against Victory, finding that such relief was premature.  *See* (Docs. 7, 15).

[2] Effective February 1, 2021, Local Rule 7.01 created a bifurcated process for a party seeking the Court's approval of a post-judgment award of attorney's fees and related non-taxable expenses.  M.D. Fla. R. 7.01.  Under this revised provision, a party must first timely move the Court for a determination of the party's entitlement to a fee award.  M.D. Fla. R. 7.01(b).  If the Court grants that motion, the fee applicant must—within forty-five days of the Court's order—submit a supplemental motion that satisfies certain enumerated requirements.  M.D. Fla. R. 7.01(c).

that motion in August 2021 and directed Shropshire to file "a supplemental motion setting forth the amount of fees and costs he [sought] to recover."  (Docs. 25, 26).

The instant motion, filed by Shropshire in late September 2021, followed. (Doc. 28).  By way of his motion, Shropshire asks that the Court enter an order awarding him $6,440 in fees and an additional $675 in costs incurred in connection with 16.1 hours of legal work performed by his counsel, Robert S. Norrell, Esq.  *Id.* The Defendants have not objected to Shropshire's motion, and the time for doing so has expired.  The matter is therefore ripe for the Court's consideration.

## II.

The FLSA provides that a plaintiff may obtain an award of reasonable attorney's fees and costs where, as here, he prevails on his lawsuit under the Act.  29 U.S.C. § 216(b) ("The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) (finding that the FLSA "plainly requires" that a plaintiff who obtains a judgment in his favor be entitled to attorney's fees and costs).  What constitutes a reasonable fee is a matter within a district court's sound discretion. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988).

The starting point in the fee analysis under the FLSA is to determine the "lodestar," which is the product of the reasonable hours spent on the litigation multiplied by a reasonable hourly rate. *Rodriguez v. Molina Healthcare, Inc.*, 806 F.

App'x 797, 802 (11th Cir. 2020) (per curiam) (citing *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)); *Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 441 F. App'x 684, 686 (11th Cir. 2011) (per curiam) (citations omitted).[3] The overarching objective of the court's lodestar computation is to ascertain "'what a reasonable, paying client would be willing to pay.'" *MWH Constructors, Inc. v. Brown & Brown Elec., Inc.*, 2018 WL 6807401, at *2 (S.D. Fla. Sept. 6, 2018) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008)), *report and recommendation adopted*, 2018 WL 6807317 (S.D. Fla. Sept. 27, 2018).  Under the lodestar analysis, fee applicants bear the burden of tendering satisfactory evidence that demonstrates the reasonableness of both the hourly rates they seek and the amount of time they expended.  *Norman*, 836 F.2d at 1303 ("The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."); *Maciejczyk v. You Fit, Inc.*, 2013 WL 7186419, at *1 (M.D. Fla. Dec. 12, 2013) ("The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable."), *report and recommendation adopted*, 2014 WL 585067 (M.D. Fla. Feb. 12, 2014).

  With respect to the lodestar's first prong, a reasonable hourly rate is deemed to be "'the prevailing market rate in the relevant legal community for similar services by

---

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

lawyers of reasonably comparable skills, experience, and reputation.'" *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.2d at 1299). In making this calculation, the court is not tethered to the parties' submissions. Instead, because the court "is itself an expert on the question [of reasonable hourly rates, it] may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal quotation marks and citations omitted).

As for the lodestar's second prong—the number of hours reasonably spent on the litigation—"[f]ee applicants are required to exercise 'billing judgment'" in tabulating such hours. *Maciejczyk*, 2013 WL 7186419, at *2 (quoting *Barnes*, 168 F.3d at 428). This means that "they must exclude from their fee applications excessive, redundant, or otherwise unnecessary [hours], which are hours that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (internal quotation marks and citations omitted) (emphasis and alteration in original). And "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Id.* As the Eleventh Circuit has observed in this regard, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.*

That said, trial courts "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Id.*

Once the lodestar has been determined, there is a "strong presumption" that it constitutes "the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66 (1986)). Nonetheless, it "can be adjusted upward or downward based on other considerations, including the results obtained by the attorneys for their client[s]." *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).[4]

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). On appeal, an award of attorneys' fees and

---

[4] Courts may look to the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) when determining attorneys' fees in the "rare case[] where they are not fully captured in the lodestar" figure. *In re Home Depot Inc.*, 931 F.3d 1065, 1091 (11th Cir. 2019); *see also Walker*, 752 F. App'x at 916 (observing that the *Johnson* factors have been applied to FLSA claims) (citing *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1544 (11th Cir. 1985)). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the attorneys' experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. As the Eleventh Circuit has emphasized, however, these factors are "almost always subsumed in the lodestar." *In re Home Depot*, 931 F.3d at 1091.

costs will be upheld unless it constitutes an abuse of discretion.  *Perez v. Carey Int'l, Inc.*, 373 F. App'x 907, 909–10 (11th Cir. 2010) (per curiam) (citing *Atlanta J. & Const. v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006)).

In this case, as stated above, Shropshire seeks a fee award of $6,440 based on 16.1 hours expended by attorney Norrell.  (Doc. 28 at 6; Doc. 28-2; Doc. 28-3).  In support of this fee request, Shropshire submits a declaration executed by attorney Norrell (Doc. 28-3), in which attorney Norrell states that he has been practicing law for nearly thirty years, has expertise in "wage and hour litigation," and ordinarily charges an hourly rate of $425, *id.* at 1–3.  According to attorney Norrell's invoice, his work in this action included: (i) meeting with Shropshire and reviewing background documents; (ii) performing legal research and preparing the complaint; (iii) facilitating service of process; (iv) drafting motions for Clerk's defaults and default judgments; (v) communicating with Shropshire; (vi) reviewing Court orders; and (vii) compiling materials related to fees and costs, including the instant motion.  (Doc. 28-2).

After a careful review of the matter, I find that the total number of hours attorney Norrell spent on this case is reasonable and reflects his exercise of proper "'billing judgment.'"  *Barnes*, 168 F.3d at 428 (quoting *Hensley*, 461 U.S. at 434).  By way of example, even though Shropshire's initial motion for a default judgment was denied without prejudice on procedural grounds (Doc. 15), attorney Norrell did not bill his client twice in connection with his resubmission of the later motion for a default

judgment. *See Arbor Hill Concerned Citizens*, 522 F.3d at 184 (noting that a court must "step[ ] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively"). Attorney Norrell likewise exercised appropriate discretion in recording the time dedicated to corresponding with Shropshire, even when those communications required him to render rather involved legal advice. *Id*.

I likewise find that attorney Norrell's requested hourly rate of $400 is warranted. Although at the high end of what some courts have approved in FLSA cases in this community, *see, e.g., Rizzo-Alderson v. Tawfik*, 2019 WL 3324298, at *3 (M.D. Fla. July 1, 2019) (noting that courts in the Middle District have generally awarded fee rates of up to $375 per hour in FLSA cases) (collecting cases), *report and recommendation adopted*, 2019 WL 3323432 (M.D. Fla. July 24, 2019), there is case authority in this District authorizing an hourly fee rate of $400 in FLSA actions in circumstances similar to those present here, *see, e.g.*, *Cabreja v. SC Maint., Inc.*, 2019 WL 2931469, at *6 (M.D. Fla. June 19, 2019) (determining that an experienced attorney's hourly rate of $400 was reasonable in an FLSA case resulting in a default judgment), *report and recommendation adopted*, 2019 WL 2931469 (M.D. Fla. July 8, 2019); *Raymond v. Buffalo City Bar & Grill, Inc.*, 2018 WL 4924351, at *2 (M.D. Fla. Oct. 10, 2018) (same). The macroeconomic changes which have occurred since the above decisions were issued lend further support to the requested fee rate.

Based upon the above findings, the lodestar amount in this case equates to $6,440. Shropshire does not argue that the Court should deviate from this figure, nor do I discern any grounds for doing so.

In addition to attorney's fees, both the FLSA and Federal Rule of Civil Procedure 54(d)(1) allow a successful plaintiff, like Shropshire, to recover costs. *See* 29 U.S.C. § 216(b) (permitting a prevailing FLSA plaintiff to recover the "costs of the action" from a defendant); Fed. R. Civ. P. 54(d)(1) (stating that "[u]nless a federal statute, the[ federal] rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party"); *see also Camacho v. Vertical Reality Inc.*, 210 F. App'x 985, 986 (11th Cir. 2006) (per curiam) ("[E]ven absent FLSA's express provision for costs, Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that 'costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.'") (quoting Fed. R. Civ. P. 54(d)(1)).

Section 1920 of Title 28, United States Code, enumerates those costs that can be taxed to the losing party. Those costs are: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreter services. 28 U.S.C. § 1920.

The party seeking taxation bears the burden of proving entitlement to these costs. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (per curiam).

As reflected in both attorney Norrell's declaration and his firm's invoice, Shropshire seeks reimbursement of $675 in costs, which are comprised of: (1) $400 for the Clerk's filing fee; and (2) $275 for service of process charges for the three Defendants at five separate addresses. (Doc. 28-2). These costs are recoverable.

Beginning with the first item, filing fees are properly taxable as "fees of the clerk" under section 1920(1). *Madden v. Just Believe Recovery Ctr., LLC*, 391 F. Supp. 3d 1121, 1127–28 (S.D. Fla. 2019) (finding the $400 filing fee recoverable under section 1920 in an FLSA case); *James v. Wash Depot Hldgs., Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007) (same). As a result, Shropshire is entitled to be reimbursed the $400 he paid to initiate this action.

Shropshire's bid to recover the private process server fees for serving the three Defendants at multiple locations is also justified. *Carroll v. Carnival Corp.*, 2018 WL 1795469, at *2 (S.D. Fla. Feb. 6, 2018) (requiring a showing as to the need for multiple attempts at effectuating service) (citation omitted), *report and recommendation adopted as modified*, 2018 WL 1795790 (S.D. Fla. Mar. 9, 2018). It is evident from the record that Shropshire's repeated attempts to serve the Defendants stemmed from difficulties he experienced in identifying their place of business, which changed following the commencement of his lawsuit. (Docs. 13, 14). The fact that not all of Shropshire's efforts at serving the Defendants proved successful does not render them nontaxable.

28 C.F.R. § 0.114(f) (allowing for the recovery of service fees "even when the process i[s] returned to the court or the party unexecuted, as long as service is endeavored").[5] In light of these circumstances, I find that Shropshire's requested service fees of $275 are recoverable.

### III.

For the reasons set forth above, I respectfully recommend:

1. The Plaintiff's motion for attorney's fees and costs (Doc. 28) be granted; and

2. The Court award Plaintiff's counsel $6,440 in fees and $675 in costs, for a total sum of $7,115 to be taxed against the Defendants.

Respectfully submitted this 25th day of October 2021.

*Christopher P. Tuite* (signature)
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

---

[5] The service fees under section 1920 are limited to the statutory ceiling set forth in 28 U.S.C. § 1921, which is the allowable rate charged by the United States Marshals Service. *Beach Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812–13 (11th Cir. 2014) (per curiam) (reversing a district court's award of service of process fees that exceeded the allowable rate under section 1921); *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) ("[A] district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in [section] 1921."). The Marshals Service is currently authorized to charge $65 per hour for each item personally served, plus travel and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Because the private process server fees for each of Shropshire's five attempts at service were only $55, I find this rate to be appropriate.

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Thomas P. Barber, United States District Judge
Counsel of record